VAN VALKENBURG *v.* RETIREMENT HOMES OF THE DETROIT ANNUAL CONFERENCE OF THE METHODIST CHURCH.

1. CONTRACTS—RESCISSION—REPUDIATION—BREACH OF CONTRACT.
   A party is not entitled to rescind a contract where he neither claims nor shows a breach of contract by the other party since, absent such breach, the contract cannot be repudiated.

2. SAME—RESCISSION—BREACH OF CONTRACT—LIFETIME MAINTENANCE.
   Rescission of a contract under which plaintiff transferred all her property to defendant home in return for defendant's agreement to provide lifetime maintenance and care to plaintiff, *held,* properly denied, where plaintiff not only failed to plead or prove breach of contract by defendant, but also failed to follow the procedures set forth in the written contract with respect to its termination.

Appeal from Washtenaw; Martin (Rex B.), J. presiding. Submitted Division 2 February 6, 1967, at Detroit. (Docket No. 1,396.) Decided June 13, 1967.

Complaint by Erma Van Valkenburg against the Retirement Homes of the Detroit Annual Conference

----

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur 2d, Contracts §§ 445, 503.

of the Methodist Church, Inc., a nonprofit Michigan corporation, to recover the value of property transferred by her to defendant pursuant to a written contract for such transfer in return for lifetime maintenance and care.    Judgment for defendant. Plaintiff appeals.    Affirmed.

*Bonisteel & Bonisteel (Roscoe O. Bonisteel, Jr.,* of counsel), for plaintiff.

*William J. Rademacher* and *Loren W. Campbell,* for defendant.

T. G. Kavanagh, J.    This is an appeal from the trial court's judgment of no cause of action in plaintiff's suit seeking return of assets conveyed by her to the defendant.

In 1960, plaintiff made application to the defendant for admittance to its retirement home.    Upon the acceptance of her application by defendant home, plaintiff executed a membership agreement with the home.    The agreement provided that in consideration for the home's providing her with living quarters, maintenance and medical care for the rest of her life and a Christian burial, plaintiff was to transfer all of her assets to the home.    The agreement further provided a means of terminating the contract which required a member to appear before the board of trustees of the home and present to them the circumstances involved in the member's request for withdrawal.

Approximately 8 months after plaintiff had entered the home and conveyed her property she went to Idaho to visit her brother.    Plaintiff has not returned to the home since, expressing dissatisfaction with it.

In affirming the decision of the trial court we need only to point out that plaintiff admittedly entered

into a valid contract with the defendant, that plaintiff neither claimed nor showed a breach of this contract, and that unless defendant breached, plaintiff cannot repudiate the contract. See *Cornell* v. *Whitney* (1903), 132 Mich 300, *Woolcott* v. *Woolcott* (1903), 133 Mich 643.

The agreement between the parties set the procedure that plaintiff was to follow to seek termination of the contract. Since she saw fit not to do so, we will not consider it terminated. The board of trustees of defendant home always have and must still stand ready to meet with plaintiff and to pass on her request for withdrawal, pursuant to the contract.

Affirmed, costs to appellees.

LESINSKI, C. J., and QUINN, J., concurred.